UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HENRY BOYD,

                    Plaintiff,

                                                    **Hon. Hugh B. Scott**

                    v.

                                                    06CV520A

                                                    **Order**

JAMES CONWAY, et al.,

                    Defendants.

      Before the Court is defendant James Conway's motion to dismiss (Docket No. 9). Prior to that motion, this Court ordered defendant Conway's counsel to facilitate the identification of the three John Doe defendants by producing the Attica Correctional Facility Mental Health Unit (or "MHU") logs for May 1 to June 1, 2005, and June 13 to 30, 2005, during the 3-11 pm shift (Docket No. 11, Order of Oct. 11, 2007). That Order also required plaintiff to file an amended Complaint within thirty days of receipt of those logs to name the John Doe defendants (id. at 4-5). This case was then referred to the undersigned as Magistrate Judge on October 15, 2007 (Docket No. 13).

      Defense counsel filed a declaration with attached exhibits of copies from the log of the Special Housing Unit (or "SHU") for May 1 to June 1, 2005, and June 13 to 30, 2005 (Docket No. 14, Defs. Atty. Decl. ¶ 2, Ex. A). These logs identify the officers on duty during those shifts and the activities in that cell block of the SHU. She also attached, as Exhibit B, a Chronological History Display during this period showing that plaintiff was housed in B Block, second floor of the Special Housing Unit (id. ¶ 3, Ex. B).

Now, plaintiff has filed a second Amended Complaint (Docket No. 15) that does not name the three John Doe defendants.  He argues in this pleading that defense counsel has served and filed the wrong log book entries, filing those for the Special Housing Unit rather than for the Mental Health Unit in which plaintiff was placed during the periods at issue (id. at 6, page 8 of 9).  Attached to his Amended Complaint, plaintiff writes a note addressed to Chief Judge Arcara in which he identifies possible sources for discovery that would indicate that he was in the Mental Health Unit rather than in Special Housing Unit.  Plaintiff still seeks production of the Mental Health Unit logs (id. at page 9 of 9).

Apparently, defendant contends that plaintiff was never transferred to the Mental Health Unit and remained within the Special Housing Unit for the duration of the periods examined.

For example, the May 1, 2005, Special Housing Unit log entry indicates "BN 7 Boyd 03A6162," which is plaintiff's last name and Department of Corrections identification number, receiving psychiatric medication from Mental Health Unit nurse Hagmier and the log entry for May 2, 2005, indicates that a Mental Health Unit nurse Nowinski made rounds including "BN 7 Boyd 03A6162" (Docket No. 14, Ex. A, Bates Nos. 000001-000002, 000003).  These entries, for afternoon or evening psychiatric medication to plaintiff (among other inmates) in the Special Housing Unit, continue throughout the periods at issue.  The May 11, 16, and 17, 2005, entries indicate that plaintiff returned from "STP" and later received psychiatric medication from Hagmier or Nowinski (id. at Bates Nos. 000022, 000023, 000030-31, 000032, 000033). Plaintiff went to a MHU interview on May 31, 2007, and returned to get his medication (id. at Bates No. 000056).  Plaintiff again returned from STP on June 16 and 17, 2005, and later received his medication (id. at Bates Nos. 000065-66, 000067, 000068), as well as on June 22,

2005 (id. at Bates No. 000076), June 27, 2005 (id. at Bates Nos. 000086, 000087), and June 28, 2005 (id. at Bates No. 000088), June 29, 2005 (id. at Bates No. 000089).  Other entries (e.g., id. at Bates No. 000088) indicates a transfer of a redacted inmate to the Mental Health Unit (with escort), but no such entry was found for plaintiff's transfer there.

Plaintiff contends that the log entry for Special Housing Unit produced to him indicates his transfer to the Mental Health Unit by mentioning "move to [MHU] with the name of the person blacked out" (Docket No. 15, at page 8 of 9 (citing Ex. B, page 24[1])).  Plaintiff apparently believes that the redacted name was his.  But a review of Exhibit A, the log entries for the Special Housing Unit, do not indicate such a move without plaintiff's name later in the entry. Exhibit B, the Chronological History Display has plaintiff placed in Attica cell RB-BN-007 from March 19, 2005, to June 4, 2005, when he was transferred to Five Points Correctional Facility, and then returned to Attica (Docket No. 14, Ex. B, Bates No. 000092; cf. id. at Bates No. 000093, detail of transfers June 2-3, 10-13, 2005).  The Chronological History Display does not indicate transfer to the Mental Health Unit while plaintiff was in Attica.

To clarify this matter, and consistent with <u>Valentin v. Dinkins</u>, 121 F.3d 72, 76 (2d Cir. 1997), defendant should produce copies of the logs for the <u>Mental Health Unit</u> at Attica Correctional Facility, redacted as the produced Special Housing Unit logs, for the periods of May 1-June 1, 2005, and June 13-30, 2005, as was produced for the Special Housing Unit.  If

---

[1]The Exhibit B filed by defense counsel does not have a page 24, or Bates No. 000024. Exhibit A, with Bates No. 000024 (entry for May 12, 2005), does not contain the reference plaintiff claims and stated that plaintiff received psychiatric mediation that day.  Page 24 of 98 of the filed version of these exhibits, Bates No. 000020, for May 10, 2005, does refer to a redacted inmate's name "out for MHU interview" but it also has plaintiff receiving psychiatric medication.

these entries aid plaintiff in identifying the John Doe defendants, he must file a third Amended Complaint within **thirty (30) days** of receipt of the production. Defense counsel also needs to define what "STP" refers to in the log entries for the Special Housing Unit.

The Court will hold in abeyance the briefing schedule for defendant Conway's motion to dismiss (Docket No. 9) pending resolution of the pre-service discovery.

So Ordered.

> /s/ Hugh B. Scott
> Honorable Hugh B. Scott
> United States Magistrate Judge

Dated: Buffalo, New York
       November 28, 2007