UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HENRY BOYD,

                    Plaintiff,

                                                        **Hon. Hugh B. Scott**

                    v.

                                                        06CV520A

                                                        **Order**

WYOMING COUNTY, et al.,

                    Defendants.


        Before the Court is defendant James Conway's second motion (Docket No. 28[1]) to

dismiss, this time seeking dismissal of the latest Amended Complaint (Docket No. 21) as to him.

Previously, Conway moved to dismiss the original Complaint (Docket No. 9); that motion was

terminated as moot with the Court incorporating the first motion's moving papers into the

present motion (Docket No. 30; see Docket No. 29, Def. Atty. Decl. ¶ 4).  Responses to this

motion were due on or before June 17, 2008, and any reply was due on or before June 24, 2008,

and the motion would then be deemed submitted without oral argument unless otherwise

determined by the Court upon review of the papers.  Meanwhile, the parties consented to proceed

before the undersigned as Magistrate Judge on May 21, 2008 (Docket No. 31).

---

        [1]In support of this motion is defense counsel's declaration, Docket No. 29, and reliance
upon the moving papers for his initial motion, namely the motion to dismiss the initial
Complaint, Docket No. 9, and defendant Conway's memorandum of law, Docket No. 10.
        In opposition, plaintiff initially sent various letters, dated November 26 and December 24,
2007, in response to the first motion to dismiss, which the Court later filed, Docket No. 33.
Plaintiff did not file or submit any papers under the second motion to dismiss.

BACKGROUND

This is a pro se prisoner civil rights action alleging excessive force by (initially unknown) corrections officers at the Attica Correctional Facility (hereinafter "Attica"). The original Complaint (Docket No. 1) named (erroneously) Wyoming County three John Doe corrections officers. After granting plaintiff in forma pauperis status, dismissing claims against Wyoming County, and instructing him to name the Superintendent of Attica and identify the John Doe officers more specifically (Docket No. 3), the first Amended Complaint (Docket No. 4) named Conway, the State of New York, and three John Doe officers. Plaintiff there alleged claims against Conway for the purpose of identifying the John Doe correction officers involved in the incident (Docket No. 4 at 6). After the Court terminated the State of New York (Docket No. 5) and ordered the New York State Attorney General to produce log books at the time and place plaintiff alleged he was assaulted (Docket No. 11), plaintiff filed his second Amended Complaint (Docket No. 15) which amplified plaintiff's allegations to identify the John Doe defendants.

Pursuant to the Orders to have defendant assist in identifying the John Doe defendants (Docket Nos. 11, 16) see Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997) (district courts must assist incarcerated pro se litigants in identifying John Doe defendants), once the John Doe defendants were identified, plaintiff filed a third Amended Complaint (Docket No. 21). There, plaintiff alleges that, on March 2, 2005, he was in Attica's Mental Health Unit when defendant correction officers Sawyer, Zarbo, and Considine came into his cell, hand cuffed plaintiff and escorted him to the showers. In the showers, plaintiff claims that he was beaten by one of the officers (punched in the jaw for allegedly not taking his medication). Plaintiff alleges that defendant James Conway was the warden at Attica and "he is to be held accountable for CO's

actions" (id. at 5).  He alleges violations of his rights under the Equal Protection and Due Process

Clauses of the Fourteenth Amendment, and cruel and unusual punishment under the Eighth

Amendment and seeks $8 million in damages and release from prison (id.).  He contends that he

believes that he has exhausted his administrative remedies prior to commencing this action (id.).

Plaintiff served his Amended Complaint (Docket No. 22) and the other defendants filed their

joint Answer to the Amended Complaint (Docket No. 27).

Defendant James Conway was superintendent at Attica during the relevant period.  He

first moved to dismiss the initial Complaint (Docket No. 9), and now moves to dismiss the

current Amended Complaint (Docket No. 28) on the same grounds of Eleventh Amendment

immunity and failure to establish his personal involvement.  Before learning the names of the

John Doe defendants in discovery, plaintiff initially argued that Conway should be held

accountable because "99 and 99%" of correction officers at Attica did not wear name tags,

making identification of the officers involved difficult (Docket No. 33, Pl. letter of Nov. 26,

2007).  He also contended that Conway allowed officers to not wear name tags so that they could

go unidentified among inmates (Docket No. 33, Pl. letter of Dec. 24, 2007, at 1-2).  Plaintiff

alleged that Conway was aware of inmate beatings by correction officers, that Conway walked

around Attica seeing officers without name tags and was aware of the unreported beatings in the

facility (id. at 2).  He apparently disputed the application of the cases cited by Conway in his

original motion (id.).  Plaintiff concludes that Conway "can't or will not manage his officers"

(id.).

DISCUSSION

I.      Applicable Standards

Defendant Conway has moved to dismiss the Amended Complaint on the grounds that it

states a claim for which relief cannot be granted.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a

Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955

(2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is

plausible on its face," id. at 1974 (rejecting longstanding precedent of Conley, supra, 355 U.S. at

45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS

39163, at *4 (D.D.C. May 31, 2007); see Boykin v. Keycorp, 521 F.3d 202, 213 (2d Cir. 2008)

(discussing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), and Bell Atlantic on Supreme

Court adopting plausibility standard).  To survive a motion to dismiss, the factual allegations in

the Complaint "must be enough to raise a right to relief above the speculative level," Bell

Atlantic, supra, 127 S.Ct. at 1965; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  A

Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed to include

any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in

it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).  In considering such a

motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint.

Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).  However,

conclusory allegations that merely state the general legal conclusions necessary to prevail on the

merits and are unsupported by factual averments will not be accepted as true.  New York State

Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123

(N.D.N.Y. 2002).

The pleading of a pro se plaintiff, however, is to be liberally construed, see Haines v.

Kerner, 404 U.S. 519 (1972) (per curiam).

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement
> of the claim showing that the pleader is entitled to relief.'  Specific facts are not
> necessary; the statement need only "'give the defendant fair notice of what the . . .
> claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly,
> 550 U.S. ___, ___, 127 S. Ct. 1955, 1964, (2007) (quoting Conley v. Gibson,
> 355 U.S. 41, 47 (1957)).  In addition, when ruling on a defendant's motion to
> dismiss, a judge must accept as true all of the factual allegations contained in the
> complaint.  Bell Atlantic Corp., supra, at ___, 127 S. Ct. 1955, 1964, (citing
> Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v.
> Williams, 490 U.S. 319, 327 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236
> (1974))."

Erickson v. Pardus, 550 U.S. ___, 127 S.Ct. 2197, 2200 (2007) (per curiam).  In Erickson, the

Court held that the Tenth Circuit departed from the liberal pleading standards of Rule 8(a)(2) by

dismissing a pro se inmate's claims.

> "The Court of Appeals' departure from the liberal pleading standards set forth by
> Rule 8(a)(2) is even more pronounced in this particular case because petitioner
> has been proceeding, from the litigation's outset, without counsel.  A document
> filed pro se is 'to be liberally construed,' [Estelle v. Gamble, 429 U.S., 97, 106
> (1976)], and 'a pro se complaint, however inartfully pleaded, must be held to less
> stringent standards than formal pleadings drafted by lawyers,' ibid. (internal
> quotation marks omitted).  Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be
> so construed as to do substantial justice").

127 S.Ct. at 2200; see Boykin, supra, 521 F.3d at 213-14.  Thus, the pro se plaintiff's complaint

has to be construed "more liberally" than one filed by counsel, Boykin, supra, 521 F.3d at 214;

cf. Falso v. Churchville-Chili Cent. Sch. Dist., No. 07CV6293, 2008 U.S. Dist. LEXIS 30985, at

*8-9 (W.D.N.Y. Apr. 15, 2008) (Larimer, J.) (notwithstanding liberal interpretation afforded pro

se plaintiff's pleadings, the court dismissed complaint for failing to provide defendant with fair

notice of allegations).

II.      Application

Defendant Conway argues that the current Amended Complaint fails to state a cause of

action against him on the ground of sovereign immunity (Docket No. 29, Def. Atty. Decl. ¶ 4;

Docket No. 10, Def. Memo. at 1, 3-4), and failure to state a claim against him because plaintiff

does not allege Conway's personal involvement (Docket No. 10, Def. Memo. at 1, 2-3).  Even

giving the liberal construction of pro se pleadings, plaintiff fails to state a cognizable claim

against Conway.

A.      Eleventh Amendment Sovereign Immunity

The Eleventh Amendment provides that "The Judicial power of the United States shall

not be construed to extend to any suit in law or equity, commenced or prosecuted against one of

the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State,"

U.S. Const. amend. XI.  Those individuals sued in their official capacities are immunized by that

Amendment and the claims against them should be dismissed, Will v. Michigan Dep't of State

Police, 491 U.S. 58, 71 (1989).  (Docket No. 10, Def. Memo. at 3.)  "[A] suit against a state

official in his or her official capacity is not a suit against the official but rather is a suit against

the official's office.  Brandon v. Holt, 469 U.S. 464, 471 (1985).  As such, it is no different from

a suit against the State itself."  Will, supra, 491 U.S. at 71.  The state, and officials acting in their

official capacities, are not "persons" under 42 U.S.C. § 1983, id.

Plaintiff, in his responding letter, cites Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994), and Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989), for the proposition that sovereign immunity may not apply here (Docket No. 33, pl. letter of Dec. 24, 2007, at 2).  In Al-Jundi, the Second Circuit held that a state official sued under Section 1983 can only be liable for damages in his or her individual capacity, 885 F.2d at 1065 & n.2, citing Will, supra, 491 U.S. at 69-70.  Wright, as discussed below, concerned allegations of personal involvement of supervisory officials and not sovereign immunity.

Plaintiff is suing Conway in his official capacity (see Docket No. 15, [2d] Am. Compl. at 2; see also Docket No. 21, [3d] Am. Compl. at 2 (suing other defendants in the official capacities only); cf. Docket No. 4, [1st] Am. Compl. at 2 (naming Conway as defendant but not stating in what capacity he was being sued)).  As such, plaintiff fails to state a § 1983 claim since an official sued in that capacity is not a "person" subject to liability under § 1983.

B.      Personal Involvement

Alternatively, Conway argues that plaintiff's claims against him fail because of Conway's lack of personal involvement (Docket No. 10, Def. Memo. at 2).  To state a § 1983 claim, plaintiff must allege the manner in which defendant was personally involved in depriving plaintiff of his rights, see Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989).  There are several ways to allege personal involvement:  plaintiff could claim that defendant had direct participation in the event; plaintiff could claim that defendant failed to remedy the violation after it was noticed; defendant created the policy which lead to the violation or allowed the policy to continue; defendant was grossly negligent in managing subordinates which caused the violation to occur; or defendant exhibited

gross negligence or deliberate indifference to plaintiff's rights by failing to act on information indicating that unconstitutional acts were taking place,  Wright, supra, 21 F.3d at 501.  (Docket No. 10, Def. Memo. at 2.)  An allegation of personal involvement is a prerequisite for damages under a § 1983 claim in this Circuit, e.g., Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001) (id. at 3).

Plaintiff initially argues that Conway generally was aware of beatings in the facility and that anonymous (due to Conway allowing officer to not wear identification badges) correction officers conducted these beatings (see Docket No. 33, Pl. letters, Nov. 26, 2007; Dec. 24, 2007). Plaintiff has not come forth with admissible proof of Conway's knowledge of other beatings to make him personally liable due to Conway's gross negligence in managing prison staff, the only apparent ground for personal involvement cited by plaintiff.  Obviously, plaintiff does not allege Conway was one of the officers who beat him or even witnessed his beating and failed to stop it. Plaintiff does not allege any prior notice (aside from the assertion of Conway's own observations of other "beatings") that would put Conway on notice of the violation (generally or as involving plaintiff).  The only policy plaintiff may claim is implicated here is Superintendent Conway's allowance of officers to not wear identification badges or name tags, hence facilitating anonymous officers to beat inmates, but plaintiff fails to connect this purported policy with his alleged beating.  Further, plaintiff through essentially pre-action discovery was allowed to identify the former John Doe defendants who allegedly beat him.  Condoned anonymity does not state a civil rights claim to make Conway liable.

Plaintiff appears to be relying upon the doctrine of respondeat superior to hold Conway liable, but that doctrine does not apply in § 1983 actions, Monell v. New York City Dep't of

Social Servs., 436 U.S. 658, 690-91 (1978); see Colon v. Coughlin, 58 F.3d 865, 873-74 (2d Cir. 1995).  A showing of some personal involvement by the supervisor is necessary even when alleging liability under respondeat superior, see Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995) (citing Monell, supra, 436 U.S. at 691).  Here, plaintiff merely alleges that Conway was aware of corrections officers' beatings of inmates and the practice of allowing officers to not wear identification and alleges that Conway is accountable for the actions of his corrections officers (see Docket No. 21, Am. Compl. at 5).  This does not sufficiently allege personal involvement to keep Conway as a defendant in this action.

Naming Superintendent Conway initially allowed this action to be joined and to identify the John Doe officers involved in this matter (see Docket No. 3, Order at 5; Docket No. 5, Order at 1).  Having served that purpose and absent allegations of his personal involvement, claims against Conway are **dismissed**.

## CONCLUSION

For the reasons stated above, defendant Conway's motion to dismiss the Amended Complaint as to him (Docket No. 28) is **granted**.  The Clerk of Court is instructed to terminate James Conway as a defendant in this action.  As for the remaining parties, the Court separately will enter an Order scheduling this action.

So Ordered.

_/s/ Hugh B. Scott_
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      July 21, 2008